THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Henry Kuznik, Respondent,
 v.
 Jack Dorman, Appellant.
 
 
 

Appeal From Charleston County
  Thomas L. Hughston, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-382
Heard May 13, 2009  Filed July 6, 2009

AFFIRMED

 
 
 
 Thomas  Goldstein, of Charleston, for Appellant.
 John M. Bleecker, of Charleston, for Respondent.
 
 
 

PER CURIAM: In this case involving a commercial lease,  Jack Dorman
 argues the trial court erred in granting Henry Kuznik a directed verdict on all
 of Dorman's counterclaims and in excluding Dorman's exhibits.  We affirm.  
FACTUAL/PROCEDURAL
BACKGROUND
Kuznik and Dorman
 entered into a commercial lease agreement for 2117 Savannah Highway (the
 Property) with a one-year term beginning on March 1, 1998.  The lease granted Dorman
 ten one-year renewal options.  The rent was initially $800 a month, but the
 lease provided for a cost of living increase each year.  Dorman operated a used
 car dealership on the Property.  At the time the parties entered into the
 lease, Dorman received possession of the building at the front of the lot.  At
 the back of the lot was a larger building that Kuznik rented to two other
 businesses.  Kuznik also used a portion of that building for storage.  
In May of 2000, the
 South Carolina Department of Transportation condemned the Property for construction
 on Savannah Highway.  Dorman and the other tenants vacated the Property. 
 Dorman, however, continued to pay Kuznik rent, which Kuznik deposited into his
 escrow account.  During the construction project, Dorman's building was
 completely destroyed and the other building was partially destroyed.  After the
 project ended, Kuznik repaired the larger building and used a portion of it for
 storage.  Dorman moved into the remaining part of the building and resumed his
 used car business in August of 2001.  In July of 2004, Kuznik moved his office
 into the space he had used as storage.  At this point, the parties'
 relationship quickly deteriorated.  Kuznik asserted that the original lease was
 terminated due to the condemnation proceeding and under the new, oral lease,
 Dorman owed $1,650 a month.  
On
 December 31, 2004, Kuznik gave Dorman a notice to quit the premises no later
 than February 1, 2005.  When Dorman failed to quit the premises, Kuznik brought
 this action seeking a writ of ejectment and a claim for rent due in the amount
 of $25,178.92.  Dorman answered and claimed the original lease was still
 controlling.  He also asserted counterclaims for breach of quiet enjoyment,
 civil conspiracy, interference with business relations, and trespass.  The case
 was tried before a jury.  At the close of the evidence, the trial court granted
 Kuznik a directed verdict on all of Dorman's counterclaims, finding Dorman had
 failed to present any evidence of damages.  The court submitted the remaining
 claims to the jury with special interrogatories.  The jury found that the
 parties had agreed to substitute the new or remodeled building for the old, now
 demolished, building in the lease; that the rent the parties agreed to was the
 amount in the original lease, and that Kuznik owed Dorman $500.00 for water. 
 The court denied Dorman's motion for a new trial.  This appeal followed.  
LAW/ANALYSIS
Dorman
 argues the trial court erred in granting Kuznik's directed verdict on all of
 his counterclaims.  We disagree.
The
 trial court granted Kuznik a directed verdict on all the counterclaims on the
 basis that Dorman had failed to establish any damages.  Although this was the
 court's only stated ground, Dorman's appellant's brief argument on the directed
 verdict issue focuses solely on Kuznik's alleged improper actions.  It does not
 address the court's ruling on damages or argue evidence of damages was presented
 other than to state:  "While it is impossible to prove a negative-such as
 identifying the customers who chose not to purchase an automobile-the record
 does establish sufficient evidence for a jury to conclude reasonably that
 Kuznik deliberately interfered in Dorman's business."  We find this sole
 statement is so conclusory as to consider the issue of damages abandoned.  See Mulherin-Howell v. Cobb, 362 S.C. 588, 600, 608 S.E.2d 587, 593-94 (Ct.
 App. 2005) (finding party abandoned an issue on appeal due to failure to cite
 any supporting authority and making only conclusory arguments).  It is not
 until the reply brief that Dorman addresses the issue of damages.  However, an
 appellant may not raise a specific argument for the first time in his reply brief.  See Crawford v. Henderson, 356 S.C. 389, 409, 589 S.E.2d 204, 215
 (Ct. App. 2003).  Similarly, Dorman's presentation of the issue of damages at
 oral argument was not sufficient to bring the issue properly before this court.  See Bochette v. Bochette, 300 S.C. 109, 112, 386 S.E.2d 475, 477
 (Ct. App. 1989) (stating an issue raised for the first time in oral argument or
 in the reply brief will not be considered by the appellate court). As Dorman
 failed to properly challenge the trial court's ruling on damages, the ruling is
 the law of the case.  See First Union Nat'l Bank of S.C. v. Soden,
 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("The unchallenged
 ruling, right or wrong, is the law of the case and requires affirmance.").
Accordingly,
 we affirm the trial court's granting of a directed verdict on Dorman's
 counterclaims.  As we affirm for the above stated reason, we need not address
 Dorman's remaining issue.  
AFFIRMED.
HUFF,
 PIEPER, and GEATHERS, JJ. concur.